UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DONALD Q. SMITHER,

        *Plaintiff*,

   v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT, *et al*.,

        *Defendants*.

Civil Action No. 1:25-cv-02265 (UNA)

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, initiated this matter on July 8, 2025, by filing a civil Complaint ("Compl."), ECF No. 1, and an Application for Leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. On July 24, 2025, the Court denied Plaintiff's IFP Application because it provided little information about his financial circumstances. *See* Order, ECF No. 22. The Court afforded Plaintiff a 30-day extension to either file a renewed IFP application or to submit the full filing fee. *See id.* at 2. Plaintiff has finally remedied that deficiency by filing, albeit late on September 10, 2025, a sufficiently detailed Amended Motion for Leave to Proceed IFP, ECF No. 34, which is thus granted.

In the interim, Plaintiff has bombarded this case with approximately thirty additional filings, *see* ECF Nos. 3–21, 23–33, demanding immediate attention despite his continued incompliance with the Court's IFP filing requirements, and seeking to, on an apparent rolling basis, amend and supplement his claims, *see id*. But "Plaintiff's [C]omplaint is not the legal equivalent of a LEGO set, something to be recreated" at his whim and in piecemeal fashion. *See Whitman v.*

1

*Dep't of Army*, No. 21-cv-03163, 2023 WL 3844603, at *2 (D.D.C. June 5, 2023).  For the reasons explained below, this matter is dismissed, and the remainder of Plaintiff's pending Motions are denied.

Plaintiff, a resident of Houston, Texas, sues two federal judges from the U.S. District Court for the Southern District of Texas, the Houston Housing Authority, the U.S. Department of Housing and Urban Development, and HUD Region VI.  *See* Compl. at 1.  First, Plaintiff is dissatisfied with the proceedings in a case that he has filed, and is currently pending, in the Southern District of Texas, and several decisions made by and actions taken, or not taken, by presiding judges in that District, including the entry of a temporary filing restriction prohibiting him from filing submissions in *Smither v. Houston Housing Authority*, No. 25-cv-00701 (S.D. Tex. filed Feb. 6, 2025) ("*Smither I*"), until the pending motion to dismiss is resolved, *see id*. at Order, ECF No. 52 (entered June 3, 2025) (noting that "Plaintiff files at least two notices daily" in *Smither I*).  He alleges that this restriction violates his right to access the courts.  *See* Compl. at 1.  Second, Plaintiff attempts to fold into the instant matter his claims for housing discrimination and retaliation based on disability, which are already filed and are pending in *Smither I*. *See id*. at 2–3; *see also* Complaint, ECF No. 1, *Smither I*, No. 25-cv-00701 (raising substantially similar claims).  He demands assorted equitable relief and damages.[1]

With respect to the temporary filing restriction in *Smither I*, federal courts have "an obligation to protect and preserve the sound and orderly administration of justice."  *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (cleaned up).  They also possess an inherent

---

[1] Plaintiff also invokes the Whistleblower Protection Act in connection with his claims.  *See* Compl. at 2.  But "the WPA only protects federal employees, thus rendering that statute inapplicable to Plaintiff."  *McNair v. District of Columbia*, 213 F. Supp. 3d 81, 92 (D.D.C. 2016) (citation omitted).

2

power to control their dockets and to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 & n.4 (1962). To that end, federal courts may prevent vexatious and repeated submissions upon the same point. *See Brooks v. Dep't of the Army*, No. 24-cv-02259, 2025 WL 1455525, at *2 (D.D.C. Feb. 24, 2025). Furthermore, "an access-to-courts case" is generally available only to *prisoner* litigants bringing direct appeals or challenging the conditions of their confinement, and they cannot be premised, as here, upon "just any type of frustrated legal claim." *See Lewis v. Casey*, 518 U.S. 343, 353–55 (1996).

In any event, the Court lacks subject matter jurisdiction to review any of the decisions or actions of the Southern District of Texas, or to exert jurisdiction over its judges. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may not review the actions of judges or officers of another federal court); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"). Plaintiff asks the Court to undermine the determinations of the Southern District of Texas by attempting to circumvent what happened *there*, by filing suit *here*, which he simply cannot do. *See Wade v. Admin. Off. of the U.S. Courts*, No. 24-cv-01123, 2024 WL 2746831, at *2 (D.D.C. May 24, 2024).

For these same reasons, Plaintiff cannot take another bite at the apple by duplicating his housing discrimination claims in this District. Moreover, *Smither I* was filed first and is already pending, and "[c]onsiderations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously." *WMATA v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980); *see also Doe v. Hills*, 217 F. Supp. 3d 199, 206 (D.D.C. 2016)

3

(explaining that "under the so-called 'first-filed' rule[,] . . . district courts have discretion to stay or dismiss a pending action in favor of a factually-related action in another forum").

For all these reasons, this matter is dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's other pending Motions, ECF No. 6, 9, 14, 18, 19, 21, 23, 25, 27, 28, 31, are all denied. A separate Order accompanies this Memorandum Opinion.

Date: October 21, 2025

_____
CARL J. NICHOLS
United States District Judge